## ENGEL v. SAMUELS.

1. LIMITATIONS.
An action on a promissory note is not barred until after the lapse of six years from its maturity.
2. SAME—PRESUMPTION ON APPEAL.
The defendant appealed from a judgment against him by a justice of the peace to the county court, where, upon a trial *de novo*, he interposed as a set-off the plaintiff's note, against which the statute had not run at the time of the trial in the justice's court. The record being silent as to whether the note was interposed as a set-off before the justice, *held* that it must be assumed that it was, and that an objection to its introduction at the trial in the county court solely on the ground that it was barred by the statute of limitations was not well taken.

*Appeal from the County Court of Arapahoe County.*

Mr. ALFRED MULLER, for appellant.

No appearance for appellee.

THOMSON, J., delivered the opinion of the court.

This suit was instituted in a justice's court by A. Samuels against S. Engel upon a demand for $78.00. The plaintiff recovered judgment and the defendant appealed to the county court, where the cause was tried *de novo*, and judgment again rendered against the defendant.

At the trial in the county court the defendant, by way of set-off, offered in evidence a promissory note for $99.00, held by him, executed by the plaintiff on the 20th day of February, 1889, and payable one month after date with interest. The note was objected to on behalf of the plaintiff. The only reason assigned for the objection was that the note was barred by the statute of limitations. The objection was sustained, and the note rejected. An action on a promissory note is not barred until after the lapse of six years from its maturity. This note matured on March 20, 1889; the cause was tried in the justice's court on September 11, 1894, not quite five years and six months later. The justice's record, as we have it, is so meager that we cannot tell from it whether, as the statute requires, the note was interposed as a set-off before him or not; but the defendant did not object in the county court that it was not, and we must therefore assume that it was. The statute had not run against the note when the cause was tried by the justice, and why the county court rejected it, the record affords us no ground for conjecture.. In so far as the record throws any light on the subject, the rejection of the note was error, and the judgment must be reversed.

*Reversed.*